**Quoc Pham Anh TRAN, Petitioner,**

v.

**· Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–70040

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

FILED June 20, 2016

Quoc Pham Anh Tran, Pro Se.

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, John M. McAdams, Jr., DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Quoc Pham Anh Tran, a native and citizen of Vietnam, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's determination that, even if credible, Tran's experiences in Vietnam did not rise to the level of persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–21 (9th Cir. 2006); *see also Prasad v. INS,* 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so.") (emphasis in original). Substantial evidence also supports the BIA's determination that Tran failed to demonstrate an objectively reasonable fear of future persecution in Vietnam. *See Halim v. Holder,* 590 F.3d 971, 977 (9th Cir. 2009) (concluding that the petitioner failed to make a compelling showing of the objective component). Thus, Tran's asylum claim fails.

Because Tran failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

Finally, substantial evidence also supports the agency's denial of Tran's CAT claim because he failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Vietnam. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.